CUMBERLAND COUNTY                                  CV-22-294
CIVIL                                              SUPERIOR COURT
                                                   PORTLAND MAINE

|  |  |
|---|---|
| Prescott McCurdy <br><br> v. <br><br> TOWN OF BRUNSWICK, ME <br> John Eldridge, Town Manager <br> Commander Hansen, BPD <br> Officer Curtis' (replacement), BPD <br> Officer Joshua Bernier, BPD <br> Sgt Ed Yeruk, BPD | Nature of Case: <br><br> Violation of Constitutional Rights <br> (M.R.S title 5 §4682) <br> Conspiracy to Interfere With Rights <br> (42 USC 1985) <br> Deprivation of Rights under Color <br> of Statute (42 USC 1983) |

[i] require; court of record, trial by jury.

NOW COMES; [i]; Prescott McCurdy; Claimant; and avers the following:

This claim is brought under Title 5 §4682 1-A, as well as United States Codes 42 USC 1985 & 1983, for actions by employees of the town of Brunswick; acting within the scope of their employment; that took place between September 30, 2018 and November 30, 2018.

## STATEMENT OF FACTS

1. On September 30, 2018, [i] was returning home from a camping trip in northwestern Maine. After dropping my son off with his mother in Bath, [i] decided to fuel up at the Citgo station in Cook's Corner Brunswick; now closed; before going home.

2. [i] pulled into the gas station via the mall side entrance around 5:10 pm. As i pulled in, i happened to notice a Brunswick Police cruiser parked in the Staples Parking lot (now Hannafords) facing toward Bath rd. As i walked into the store to prepay for fuel, the police cruiser came into the gas station, drove around the pumps and then returned the same way it had entered.

3. After completion of fueling my automobile, a Bronze 1985 Toyota LandCruiser FJ60; Vin# JT3FJ60G2F1130702; i exited the rear of the station turning right so as to go to the traffic light next to Friendly's restaurant (now 5 Guys).

4. As i drove by Burger King, i noticed the police cruiser sitting at the rear of the restaurant behind a shrub.

5. As i pulled up to the light to turn left onto Bath rd., the police cruiser pulled up behind i. Once the light changed to green, i turned left.

6. i turned left at the next light, which is the entrance to the Navy base (now Brunswick Landing). The police cruiser followed, turning on its emergency lights.

7. i pulled to the right about 150' beyond the traffic light and came to a stop.

8. Once the police officer approached my driver side door window, i asked the officer "what the emergency was?"

9. Officer Curtis stated that i 'had no front plate' and asked to see my license, registration, and insurance.

10. On the front of my vehicle, a plate hangs painted with the words, Sui Juris. Which means 'of ones own right'.

11. [i] handed Officer Curtis my license and insurance. Officer Curtis returned to his cruiser.

12. While i awaited officer Curtis' return, two more cruisers pulled in behind his. [i] waited around 20 minutes before Officer Curtis, joined by officer Bernier approached my window. On the passenger side of [my] automobile, Sgt. Yeruk stood.

13. Officer Curtis asked me to get out of my vehicle. I asked why.

14. Officer Curtis stated that he needed to explain the tickets to me. [i] noticed that both Officers Curtis and Bernier had on examination gloves.

15. [i] replied to Officer Curtis that i was comfortable sitting where i was.

16. Officer Curtis and Officer Bernier began dawning 'work' gloves.

17. Officer Curtis opened my door, and ordered [i] to get out of the vehicle, while threatening [i]. Stating that if i did not, i would be going to jail.

18. At the same time, Sgt. Yeruk opened the passenger side door of [my] automobile.

19. [i] knew that these men were going to use physical force to remove [i] from my property, so i exited my automobile.

20. Officer Curtis ordered [i] to move to the rear of the automobile. i complied.

21. [i] stopped to the rear of [my] automobile and turned around.

22. Officer Curtis stood between [i] and [my] automobile and began explaining the charges.

23. Officer Bernier began searching [my] automobile. [i] informed Officer Bernier that [i] had not consented to a search.

24. Sgt. Yeruk commented; with a smirk; that Bernier was doing an inventory search so i could not claim they stole any gold i may be hiding in [my] automobile.

25. Bernier excluded the rear cargo area from his search, which contained 2 tents and other camping gear.

26. None of the officers produced a warrant for said 'inventory' search, nor did any said officers write a list of the personal property inside [my] automobile and provide [i] with a copy.

27. Officer Curtis took my picture and pictures of [my] automobile.

28. A flatbed tow truck owned by Atlantic Coast Towing arrived on scene. i had not requested or agreed to [my] property being towed.

29. [i] was not allowed to leave of [my] own free will. [i] could not drive away using [my] automobile; rather; [i] was threatened with irreparable harm by Officer Curtis and Officer Bernier. 'if [i] removed my property or drove an unregistered vehicle again, i would 'go to jail".

30. Deputy Shenke of the Cumberland County Sheriff's office arrived on scene to kindly give [i] a ride home.

31. On October 1st, [i]; along with Scott Caron; approached Atlantic Coast Towing, Inc (hereinafter ACT); 11 Starlight Way, Brunswick; in regards to retrieving [my] property.

32. [i] was arrogantly told by Charles Lounder; the owner; that i could not retrieve [my] property.

33. After one of his employees phoned the Brunswick police dept; i was allowed to retrieve only my personal belongs from [my] automobile. [i] took what i could fit in Scott Caron's car. i left the camping gear that was in the rear storage area.

34. On October 25, i sent a Notice to John Eldridge; Brunswick town manager; demanding the return of [my] property.

35. On October 29th, i received a phone message from Commander Waltz of the Brunswick PD., stating that i would have to pay fees to Atlantic Coast Towing to get my property back, then have it towed to my residence or get it registered.

36. On October 30, i received a letter from Commander Waltz of the Brunswick PD, restating that i could pick up [my] automobile from ACT if i paid the towing and storage fees and had it towed to my residence.

37. On November 9, 2018, [i] replied to Commander Waltz letter with a notice, restating [my] demand for the return of [my] property. This said notice was ignored.

COUNT ONE - VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHT TO PERSONAL LIBERTY (M.R.S. Title 5 §4682)

37. [i] restate all facts contained in paragraphs 1 - 37, above.

38. On September 30, 2018, [my] personal liberty; secured by the 10th and 14th Amendments to the United States Constitution as well as Article I sect. 1, 5, & 6-A of the Maine Constitution; was knowingly and intentionally interfered with, abridged; under threat of

physical force; by Officer Curtis, Officer Bernier, and Sgt. Yeruk; uniformed and armed employees of the town of Brunswick.

39. Whereas; no probable cause nor exigent circumstances existed to warrant such interference/ abridgment.

40. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT TWO - VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHT TO PRIVACY (M.R.S. Title 5 §4682)

41. [i] restate the above averments against the Defendants as well as the facts contained in paragraphs 1 - 37.

42. On September 30, 2018, [my] privacy; protected under the 4th & 14th Amendments to the United States Constitution as well as Article I, sect.5 & 6-A of the Maine Const'n.; was knowingly and intentionally violated.

43. Whereas; no probable cause, nor exigent circumstances existed for a warrantless search of [my] automobile.

44. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT THREE - VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHT TO BE FREE FROM UNREASONABLE SEIZURE (M.R.S. Title 5 §4682)

45. [i] restate the above averments against the Defendant as well as the facts contained in paragraphs 1 - 37.

46. On September 30, 2018, [my] property; a 1985 Toyota LandCruiser FJ60, VIN# JT3FJ60G2F1130702; protected under the 4th & 14th Amendments to the United States Constitution

as well as Article I, sect. 1 & 5, 6-A, & 21 of the Maine Const'n.; was knowingly; with the intent to deprive; seized by the Defendants.

47. Whereas; no probable cause nor exigent circumstances existed that would make valid a warrantless seizure.

48. As a direct and proximate result of said acts of defendants, i have suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT FOUR - CONVERSION OF PROPERTY

49. [i] restate the above averments against the Defendants as well as the facts contained in paragraphs 1 - 37.

50. On September 30, 2018, [my] property; a 1985 Toyota LandCruiser FJ60, VIN# JT3FJ60G2F1130702; was knowingly and intently, transferred/converted to a private entity named Atlantic Coast Towing, Inc.

51. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT FIVE - VIOLATION OF CONSTITUTIONAL RIGHT TO CONTRACT OR ABSTAIN FROM SUCH (M.R.S. Title 5 §4682)

52. [i] restate the above averments against the Defendants as well as the facts contained in paragraphs 1 - 37.

53. On October 30, 2018, [my] right to contract or refuse to contract; protected under the Constitutions of the United States and Maine; was knowingly and intently infringed upon by said defendants.

54. The defendants attempted to coerce [i] into a contract with Atlantic Coast Towing Inc; creating duress.

55. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT SIX - VIOLATION OF CONSTITUTIONAL RIGHT TO FREEDOM OF EXPRESSION (M.R.S. Title 5 §4682)

56. [i] restate the above averments against the Defendants as well as the facts contained in paragraphs 1 - 37.

57. On September 30, 2018, [my] right to freedom of expression; protected by the 1st Amendment to the United States Constitution as well as Article I, sect. 1, 4 & 6-A of the Maine Constitution; was knowingly and intentionally abridged by said defendants.

58. Whereas; no 'clear and present danger'; probable cause; existed that would warrant the abridgment of [my] right of freedom of expression.

59. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT SEVEN - VIOLATION OF CONSTITUTIONAL RIGHT TO BE LET ALONE (M.R.S. Title 5 §4682)

60. [i] restate the above averments against the Defendants as well as the facts contained in paragraphs 1 - 37.

61. On September 30, 2018 and beyond, said defendants; knowingly and intentionally; violated my right to be 'Let Alone', protected under 1st, 4th, 9th, 10th and 14th Amendments to the United States Constitution as well as Article I, sections 1, 5, 6-A, 7, 9, & 24 of the Maine Constitution.

62. Whereas; no probable cause nor exigent circumstances existed for the interference with [my] right to be let alone.

63. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT EIGHT - DEPRIVATION OF RIGHTS UNDER COLOR OF STATUTE (42 USC 1983)

64. [i] restate the above averments against the Defendants as well as the facts contained in paragraphs 1 - 37.

65. On September 30, 2018 and beyond, the said defendants; knowingly and intentionally; subjected [i]; under color of statutes; to the deprivation of [my] rights, privileges and immunities secured by the Constitutions of the United States and this state.

66. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

## COUNT NINE - CONSPIRACY TO INTERFERE WITH RIGHTS (42 USC 1985)

67. [i] restate the above averments against the Defendants as well as the facts contained in paragraphs 1 - 37.

68. On September 30, 2018 and beyond, said defendants did; directly and indirectly; conspire to deprive [i] of having and exercising [my] Constitutionally protected rights and privileges as a citizen of the United States.

69. As a direct and proximate result of said acts of defendants, i suffered injuries.

WHEREFORE; i demand; damages for economic loss, damages for time without use and possession of property, return of property, damages for emotional distress, as well as compensation for time spent as my own counsel, court and attorney fees.

[i] say here and will verify in open court that all herein be true, to the best of my knowledge.

9/9/22

Prescott McCurdy
34 Allen point Rd.
Harpswell, ME  04079

prescott_mccurdy@yahoo.com

A copy of this claim has been sent to each of the defendants via USPS.

John Eldridge, Town Manager
85 Union St.
Brunswick, ME 04011
jeldridge@brunswickme.org

Paul Hansen, Commander, BPD
85 Pleasant St.
Brunswick, ME 04011
phansen@brunswickpd.org